**Willie Mae PAYNE et al., Plaintiffs,**

v.

**TRAVENOL LABORATORIES, INC., and Baxter Laboratories, Inc., Defendants.**

**No. DC 72–13–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 8, 1976.

See also, D.C., 74 F.R.D. 19.

Richard T. Seymour, Washington, D. C., Nausead L. Stewart, Anderson, Banks, Nichols & Stewart, Jackson, Miss., for plaintiffs.

James L. Robertson, Campbell & DeLong, Greenville, Miss., Stephen Shulman, Cadwalader, Wickersham & Taft, Washington, D. C., for defendants.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice came on for trial before the court sitting without a jury on March 3, 1975. The hearing was limited to the issue of liability, the appropriate relief, if any, being deferred for later consideration.

After a lengthy trial, the court handed down its Memorandum of Decision on February 19, 1976.[1] The defendants were held liable for unlawful discriminatory employment practices as to a class of individuals, tentatively described by the court as follows:

All present, past, and future black female employees and all present, past and future black female applicants for employment at the facility operated by the defendants at Cleveland, Mississippi, subject, however, to this limitation, that is to say, all black female applicants for employment at said facility prior to March 3, 1970, and all black female employees whose employment terminated prior to March 3, 1970, are excluded from the class; the class shall be subject to the further limitation[s] that all black female applicants who lack a tenth grade education or equivalency or who were not referred for employment at the Cleveland facility by the Mississippi State Employment Service during the period such referral was required, are excluded from the class. 416 F.Supp. at 253.

1. *Payne v. Travenol Laboratories, Inc.,* 416 F.Supp. 248 (N.D.Miss.1976).

The court entered an order on February 19, 1976, directing the issuance of a preliminary injunction enjoining defendants from

(a) Discrimination on the basis of color, race, or sex in employment practices or conditions of employment in defendants' Cleveland, Mississippi facility, against the named plaintiffs in the above-captioned action or either of them, or any member of the class which they represent, as such class is defined in the court's memorandum of opinion this day released in said action;

(b) Requiring a tenth grade education (or its equivalency on a General Education Development [GED] test) of applicants for employment for operative positions in defendants' said facility;

(c) Requiring a twelfth grade education (or its GED equivalency) as a condition of employment in office, clerical, technician and supervisory positions in defendant's said facility; and

(d) Requiring a college degree as a qualification for the positions of systems, traffic, or scheduling analyst, in defendant's said facility.

The order further provided:

(4) That such other or further relief as plaintiffs and members of the class which they represent may be entitled to receive pursuant to the court's memorandum of decision herein released shall await further action of the court, and in contemplation of such other or further relief the parties are directed to

(a) File with the clerk, serve upon counsel opposite, and submit to the court, within twenty (20) days of the date of entry of this order, suggestions or proposals concerning modification of the seniority system currently in effect at defendants' Cleveland, Mississippi, facility so as to afford those black and/or female employees at the aforesaid facility who have personally and individually been adversely affected or discriminated against by defendants' hiring, promotional, and transfer practices their "rightful places" within the aforesaid seniority system.

(b) File with the clerk, serve upon counsel opposite, and submit to the court, within twenty (20) days of the date of entry of this order, suggestions or proposals as to how the court might proceed in ascertaining the extent of defendants' liability for monetary damages in the nature of backpay to the named plaintiffs in this cause and the members of the class which they represent, including proposals or suggestions as to whether additional notice should be furnished those persons who responded to the notice of pendency of action by indicating a desire to opt-out and, if so, the contents of such supplemental notice.

(c) File with the clerk, serve upon counsel opposite, and submit to the court, within twenty (20) days of the date of entry of this order, suggestions or proposals as to how the defendants' job assignment system currently in effect at its Cleveland, Mississippi facility and pertaining to the staffing of the "hooks" position at such facility may be modified in order to cease impeding the entry of females into defendants' material handler work force in such a way as the court has found in its memorandum of decision, released this day, to violate Title VII of the Civil Rights Act of 1964.

(d) To file with the clerk, serve upon counsel opposite, and submit to the court, within twenty (20) days of the date of entry of this order, any request which the parties may have for specific findings or conclusions by the court on any issues in contention in this case which are not contained in the Memorandum of Decision released this day in this cause.

Pursuant to paragraph 4(d) of the injunctive order the parties submitted voluminous requests for specific findings and conclusions. These dealt, for the most parts, with facts and conclusions necessarily considered and acted upon by the court in arriving at its ultimate determination of the issues involved. The requests were denied by order entered May 5, 1976.

The parties have filed with the court numerous motions relating to the relief to be accorded plaintiffs and members of their class as the result of the court's finding of liability. The defendants perfected an appeal to the United States Court of Appeals for the Fifth Circuit, from the court's memorandum of decision, order and injunction of February 19, 1976. The notice of appeal was filed March 19, 1976, and the appeal is now pending.

The court entered an order on May 5, 1976, directing that all pending motions be held in abeyance pending disposition of a motion to dismiss the appeal filed by plaintiffs with the Court of Appeals.[2]

On June 21, 1976, the clerk received a copy of an order theretofore entered by the Court of Appeals granting plaintiffs' motion to dismiss appeal, except as to the injunction issued by this court on February 19, 1976,[3] but denying a motion to stay defendants' appeal from the injunction aforesaid or remand the case to this court for a ninety day period.

Upon receipt of the order of the Court of Appeals, this court entered its own order on July 7, 1976, directing the parties to present to the court within 20 days such other or future suggestions as the parties might deem appropriate response to the directives of paragraphs 4(a), 4(b), and 4(c), to the court's February 19, 1976 order.

Before the entry of the court's orders of May 5, 1976, and July 7, 1976, plaintiffs, on March 18, 1976, filed their motion for the entry of a decree which accompanied the motion. The proposed decree is 25 pages in length, and includes many provisions based upon findings which the court has not yet made. The proposed decree is divided into nine separate sections or divisions and contains 62 paragraphs. It deals with such matters as educational requirements, hiring provisions, job assignment procedures, job assignments, layoffs and recalls, employee compensation and benefits, resolution of disputes under the decree, and provisions for information.

The class in this action, the members of which are entitled to individual relief, is made up of all present, past and future black female employees and all present, past and future black female applicants for employment at the Travenol Plant subject to the restriction that all such applicants for employment prior to March 3, 1970, and all such employees whose employment was terminated prior to March 3, 1970, are excluded from the class. The class is further restricted in that all black female applicants for employment at Travenol who lack a tenth grade education or its equivalent or who were not referred for employment at Travenol by the Mississippi State Employment Service during the period such referral was required are excluded from the class.

In the concluding paragraph of the court's February 19, 1976, Memorandum of Decision, the observation was made:

> However, either because the record has not yet been sufficiently developed or because the court does not intend to undertake to assume the management of defendants' plant on a day-to-day basis, the court is not presently in a position to rule on the backpay question, the specific alterations to the defendants' seniority system which are necessary to afford certain employees their "rightful places", or the question of modification of the manner in which the employees are assigned to the hooks positions in the solution packing and filling departments. On these issues, the court has determined to require the parties to submit suggestions

2. Subsequent to the appeal by defendants from the court's decision, order and injunction of February 19, 1976, plaintiffs filed a motion in the Court of Appeals seeking to have the appeal dismissed so that the trial court could bring the case to final judgment on all issues and thereby avoid multiplicious appeals.

3. The order was entered June 15, 1976, in Cause No. 76–1801, styled *Willie Mae Payne, et al, Plaintiffs-Appellees v. Travenol Laboratories, Inc., and Baxter Laboratories, Defendants-Appellants.*

and proposals as to how the court should approach disposition of these questions. 416 F.Supp. at 266.

In compliance with the court's observation above-quoted and in an effort to fashion a decree affording adequate relief to plaintiffs and members of their class, an order was entered directing the parties to submit suggestions or proposals for the modification of the seniority system existing at the Travenol plant so as to afford the injured members of the class their "rightful places" within the seniority system, for the manner in which the court should proceed to determine the liability of defendants for backpay to the injured plaintiffs and class members, and for a change in the manner in which the "hooks" position in the plant is staffed to remove the impediment to females in the material handlers work force. Since the entry of the decree, the court has been informed that the "hooks" position has been eliminated. All questions relating to these positions are, therefore, considered by the court to be moot.

It was in response to the court's order that plaintiffs submitted the proposed decree. The parties have presented their respective positions with reference to the decree in memoranda and oral argument.

On December 20, 1974, the court entered an order herein requiring that a notice be sent to all known potential class members giving notice of the pendency of the action and that each such potential class member would be bound by the outcome of the action unless she elected to "opt-out" of the suit. The membership of the potential class was determined by the use of the records of defendant Travenol. A total of 2,045 notices were mailed to potential class members, of which number 483 represented duplicate notices unavoidably sent to the same individuals. Thus notices were mailed to 1,562 different individuals. An examination of the records in the clerk's office reflects that 211 of the 1562 mailings were returned by the post office to the sender undelivered. Eliminating the duplicate notices and those returned as undelivered, a total of 1351 potential class members received as of February 7, 1975, notice of the pendency of this action. The records in the clerk's office reflects that 523 requests for exclusion were received by the clerk's office as of February 7, 1975. Thus, 828 Potential class members remain in the case.

Plaintiff's attorneys contend that out of the 523 who exercised the option to "opt-out" 13 evidenced a lack of understanding of the nature and extent of her rights. The court has examined the responses made by these 13 individuals and concludes that responses of 12 of them support plaintiffs' contention. Under such circumstances, at least for the present, these individuals should be included in the list of potential class members. The 12 potential class members are:

1. Willie Hollaway, Mound Bayou, Mississippi

2. Synovia Jackson, Cleveland, Mississippi 38732

3. Blondine Harris, c/o David L. Harris, Sr., Route 1, Box 103, Mound Bayou, Mississippi

4. Mae Jean Jackson, 900 White, Apt. 10, Cleveland, Mississippi 38732

5. Willie B. Taylor, Box 624, Rosedale, Mississippi 38760

6. Herbye Ann Smith, Box 107, Pace, Mississippi 38764

7. Mattie Belfoure, 3240 Jones Rd., Memphis, Tennessee

8. Willie B. Tenzy, Box 135, Pace, Mississippi 38764

9. Mary Anna Christian, Route 1, Box 139, Duncan, Mississippi

10. Beulah Mae Foster, Dufford St., Box 761, Shelby, Mississippi 38774

11. Bonnie J. Hutchines, Lampton St., Box 101 Mound Bayou, Mississippi 38762

12. Doreatha Thompson, 900 White St., Ap. 66, Cleveland, Mississippi 38736

Thus, the potential class consists of 840 individuals who must be considered for individual relief.

The court has reached the conclusion that a final determination of the appropriate

class should now be made. The court finds that the class heretofore tentatively described, should be the class of individuals who are entitled to participate in the backpay award and other related relief to be afforded members of the class.

The trial in March, 1975, was devoted to the issue of liability, and it was then envisioned that should liability be found, a second hearing on the appropriate relief would be afforded the parties. A review of the record convinces the court that a proper decree for appropriate relief cannot be fashioned without further hearing to update Travenol's present operations.

The nature and extent of the relief depends to a large extent upon the findings of the Fifth Circuit on the pending appeal.

For the reasons stated, the court has decided to stay further proceedings herein until the determination of the issues on appeal, with the exception of the court's final determination of the class description.

The propriety of the court's action in limiting the scope of the class which may be represented by plaintiffs is certain to provoke an appeal from one or both of the parties. The court deems it expedient to deal with this question at this time.

For the reasons advanced at former hearings on the issue, as reflected by the court reporter's notes, the court has determined that the tentative class designation should now be made final.

The court finds that should either or both of the parties disagree with the court's finding and order on the composition of the class above-mentioned, an interlocutory appeal to the Court of Appeals, pursuant to 28 U.S.C. § 1292(b) will materially advance the ultimate termination of the litigation, there being controlling questions of law as to which there is substantial grounds for difference.

The court's order will contain a statement to this effect.

An appropriate order is being entered by the court.

## ORDER

Pursuant to the Memorandum of Decision this day released herein, it is

ORDERED AND ADJUDGED:

(1) That the class which plaintiffs may represent in the action sub judice, heretofore tentatively established by the court, shall be and the same hereby is made final. The description of the class as finally established by the court shall be and the same hereby is described as follows:

All present, past, and future black female employees and all present, past and future black female applicants for employment at the facility operated by the defendants at Cleveland, Mississippi, subject, however, to this limitation, that is to say, all black female applicants for employment at said facility prior to March 3, 1970, and all black female employees whose employment terminated prior to March 3, 1970, are excluded from the class; the class shall be subject to the further limitations that all black female applicants who lack a tenth grade education or equivalency or who were not referred for employment at the Cleveland facility by the Mississippi State Employment Service during the period such referral was required, are excluded from the class.

(2) That the means, method and manner, in which the identity of class membership is to be determined and the backpay, if any, and further or additional injunctive relief, if any, to which members of the class may be entitled shall be and the same hereby are specifically reserved for adjudication at a later date; and

(3) That further proceedings herein shall be and hereby are stayed, pending the outcome of all appeals herein, unless such stay is vacated at the instance of any party or on the court's own motion.

Pursuant to the provisions of 28 U.S.C. § 1292(b), the court finds that this order involves controlling questions of law as to which there is substantial ground for difference of opinion and that immediate appeal

from the order may materially advance the ultimate determination of the litigation.